NOT DESIGNATED FOR PUBLICATION

No. 116,338

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LONNIE ALONZO HOLMES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed November 22, 2017. Reversed and remanded.

*Jennifer C. Roth* and *Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Michael G. Jones*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON and GREEN, JJ.

PER CURIAM: Lonnie A. Holmes was convicted by jury of one count of aggravated battery. Holmes appeals, arguing (1) that the prosecutor committed reversible error during voir dire and closing arguments; (2) that the trial court committed clear error in failing to instruct the jury on the lesser included offense of simple battery; (3) that the trial court committed clear error in failing to provide a limiting instruction to the jury in light of evidence admitted under K.S.A. 2015 Supp. 60-455; (4) that in the alternative, he is entitled to relief under the cumulative error doctrine; and (5) that the trial court violated

*Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), in sentencing him without requiring the State to prove his criminal history beyond a reasonable doubt.

While reviewing the record on appeal and the briefs filed by the parties, this court became aware of another issue which might be dispositive of his appeal in this case. As a result, this court issued a show cause order to the parties. The parties were directed to brief the issue of whether the trial court's instructions to the jury allowed the jury to convict Holmes of an offense different from the offense charged in the State's complaint. We determine that because the trial court's jury instructions broadened the basis for Holmes' conviction beyond the acts charged in the State's complaint, this was reversible error. Accordingly, we reverse and remand for a new trial.

On August 14, 2015, Lonnie Holmes was charged with aggravated battery under K.S.A. 2015 Supp. 21-5413(b)(1)(B). The complaint read: "That on or about the 14th day of August, 2015, in Leavenworth County, Kansas, Lonnie Alonzo Holmes, then and there being present did unlawfully, feloniously and knowingly cause bodily harm to another person . . . in any manner whereby great bodily harm, disfigurement or death can be inflicted." The complaint was drawn in the language of K.S.A. 2015 Supp. 21-5413(b)(1)(B), which reads: "(b) Aggravated battery is: . . . (1)(B) knowingly causing bodily harm to another person . . . in any manner whereby great bodily harm, disfigurement or death can be inflicted."

The arrest warrant issued for Holmes also indicated that he was being charged with aggravated battery under K.S.A. 2015 Supp. 21-5413(b)(1)(B), as did the Leavenworth Police Department's probable cause affidavit.

On March 21, 2016, Holmes' jury trial began. At jury selection, the State made reference to the charges under K.S.A. 2015 Supp. 21-5413(b)(1)(B). While not expressly

2

mentioning the statute, the prosecutor told the jury that "it's an allegation of aggravated battery, which means that the State has alleged that the defendant . . . caused bodily harm . . . in a manner where great bodily harm, disfigurement, or death can be inflicted." The prosecutor referenced "bodily harm" two more times in his remarks to the jury. The prosecutor's statements reinforce that the State was proceeding under a theory aligned with the language of K.S.A. 2015 Supp. 21-5413(b)(1)(B).

When the trial court gave its preliminary instructions to the jury, however, the elements it identified that needed to be proved by the State were not those referenced in K.S.A. 2015 Supp. 21-5413(b)(1)(B). The court instructed the jury as follows:

> "The defendant is charged with aggravated battery. The defendant pleads not guilty. To establish this charge, each of the following claims must be proved: One, the defendant knowingly caused physical contact with Amanda Aldridge in a rude, insulting, or angry manner, in any manner whereby great bodily harm, disfigurement, or death can be inflicted; . . ."

The trial court's preliminary instruction differs from the language referenced in K.S.A. 2015 Supp. 21-5413(b)(1)(B), insofar as the instruction requires "physical contact in a rude, insulting, or angry manner" and (b)(1)(B) requires "bodily harm." Upon closer inspection, it becomes clear that the trial court's preliminary instruction was drawn from the language of K.S.A. 2015 Supp. 21-5413(b)(1)(C), which reads:  "(b) Aggravated battery is: . . . (1)(C) knowingly causing physical contact with another person when done in a rude, insulting or angry manner . . . or in any manner whereby great bodily harm, disfigurement or death can be inflicted."

At the close of evidence, the parties met to discuss jury instructions. The trial court indicated that the State had provided it with an aggravated battery instruction. The trial court adopted the State's instruction. The aggravated battery instruction given at trial read:

3

> "The defendant is charged with aggravated battery. The defendant pleads not guilty. To establish this charge, each of the following must be proved:
>
> "(1)    The defendant knowingly caused physical contact with Amanda Aldridge in a rude, insulting or angry manner in any manner whereby great bodily harm, disfigurement or death can be inflicted."

Again, this instruction does not match the language from the complaint or from K.S.A. 2015 Supp. 21-5413(b)(1)(B). Instead, it is apparent that this instruction was drawn from the language of K.S.A. 2015 Supp. 21-5413(b)(1)(C). The trial court also instructed the jury on the lesser included offense of simple battery, mirroring the language from its aggravated instruction. The lesser included offense instruction was drawn from the language of K.S.A. 2015 Supp. 21-5413(a)(2), which reads:  "(a) [b]attery is: . . . (2) knowingly causing physical contact with another person when done in a rude, insulting or angry manner." The lesser included instruction read:

> "If you do not agree that the defendant is guilty of aggravated battery . . . you should consider the lesser included offense of battery. To establish this charge, each of the following claims must be proved:
>
> "(1)    The defendant knowingly caused physical contact with Amanda Aldridge in a rude, insulting or angry manner."

Both parties agreed that the instructions were proper. During closing arguments, the State argued using the language of the aggravated battery instruction that was given. The State contended that "[w]hat we do have is that there was physical contact in a rude, insulting, or angry manner whereby great bodily harm, disfigurement, or death can be inflicted"—thus mimicking the language from K.S.A. 2015 Supp. 21-5413(b)(1)(C). The jury deliberated and returned a guilty verdict on the charge of aggravated battery. Holmes' presentencing investigation report states that he was convicted of aggravated battery under K.S.A. 2015 Supp. 21-5413(b)(1)(B). Holmes' sentencing journal entry of

4

judgment also states that he was convicted of aggravated battery under K.S.A. 2015 Supp. 21-5413(b)(1)(B). Holmes was sentenced to 24 months' probation with an underlying prison term of 13 months.

Here, the issue is whether it was legally appropriate for Holmes to be charged with aggravated battery under K.S.A. 2015 Supp. 21-5413(b)(1)(B) and technically convicted by a jury of aggravated battery under K.S.A. 2015 Supp. 21-5413(b)(1)(C) when no amendment was ever attempted to charge him with this offense. We know that Holmes was convicted under K.S.A. 2015 Supp. 21-5413(b)(1)(C) because the jury instruction given at trial reflects the language from that section of the statute. Thus, when the jury deliberated, it considered the elements from K.S.A. 2015 Supp. 21-5413(b)(1)(C) and not the elements from K.S.A. 2015 Supp. 21-5413(b)(1)(B). This is true despite the postconviction documents stating that Holmes had been convicted under K.S.A. 2015 Supp. 21-5413(b)(1)(B). The record on appeal shows that the complaint against Holmes was never amended to charge him with aggravated battery as defined in K.S.A. 2015 Supp. 21-5413(b)(1)(C).

A review of the aggravated battery statute shows that convictions under K.S.A. 2015 Supp. 21-5413(b)(1)(B) and (b)(1)(C) are both classified as severity level 7, person felonies. See K.S.A. 2015 Supp. 21-5413(g)(2)(B). Accordingly, it is unlikely that Holmes' sentence was affected by the discrepancy between the complaint and the jury instructions.

*Did a Constructive Amendment of the Complaint in This Matter Occur When Holmes Was Charged With Aggravated Battery Under K.S.A. 2015 Supp. 21-5413(b)(1)(B) and Technically Convicted of Aggravated Battery Under K.S.A. 2015 Supp. 21-5413(b)(1)(C) When No Amendment to Charge Him With This Offense Was Ever Attempted?*

Holmes argues that "[t]he court's instruction was an impermissible constructive amendment and constitutes structural error." Moreover, because constructive amendments are per se reversible, Holmes asserts that we must reverse his conviction.

5

Whether a criminal complaint has been impermissibly constructively amended is reviewed de novo. *United States v. Farr*, 536 F.3d 1174, 1179 (10th Cir. 2008). The State, on the other hand, argues that the issue is a simple jury instruction issue. The State argues that because Holmes cannot show that the claimed jury instruction error amounted to clear error, he is not entitled to relief.

Notably, the State does not address the constructive amendment argument in its supplemental brief. Instead, the State frames the issue as a jury instruction issue. Because Holmes did not object to the use of the incorrect jury instruction at trial, the State argues that we should review the issue under a clearly erroneous standard. Under a clearly erroneous standard, before this court could reverse Holmes' conviction it would have to be "firmly convinced that the jury would have reached a different verdict had the instruction error not occurred." *State v. Trujillo*, 296 Kan. 625, 630, 294 P.3d 281 (2013).

Impermissible constructive amendments, on the other hand, are reversible per se. See *Farr*, 536 F.3d at 1185 (citing *United States v. Sells*, 477 F.3d 1226, 1237 [2007]); see also *State v. Montes*, No. 104,563, 2012 WL 307532, at *5 (Kan. App. 2012) (unpublished opinion) (citing *Sells*, 477 F.3d at 1237).

The State concedes that the jury instructions given were erroneous but argues that they did not amount to clear error—the standard required when a defendant fails to object to a jury instruction at trial. See *State v. Cooper*, 303 Kan. 764, 771, 366 P.3d 232 (2016). The State specifically argues that the error does not amount to clear error because sufficient evidence existed at trial to support a conviction under either subsection of the aggravated battery statute—(b)(1)(B) as charged or (b)(1)(C) as instructed—and because Holmes had notice of the facts supporting the charge against him. Accordingly, the State requests that this court remand the case so that the trial court may issue an order nunc pro tunc to change Holmes' journal entry of judgment to list the crime of conviction as K.S.A. 2015 Supp. 21-5413(b)(1)(C) and not K.S.A. 2015 Supp. 21-5413(b)(1)(B).

6

To support its ultimate conclusion that the error did not amount to clear error, the State asserts that "[t]he issue is whether the defendant had sufficient notice of the crime of which he was charged." This statement shows that the State misunderstands the issue that we have identified. There is no dispute that Holmes had sufficient notice of the crime of which he was *charged*. The dispute, however, is about whether Holmes had notice of the crime on which the jury was *instructed*. Of course, we note that during arguments, Holmes' counsel acknowledged that Holmes had sufficient notice of the facts supporting the charge in the State's complaint. As a result, the State's mischaracterization of the notice issue is not particularly troubling.

Holmes' lack of objection to the State's instructions does not escape our attention. For example, our courts have recognized before that under the doctrine of invited error, a defendant cannot generally challenge a jury instruction on appeal, even as clearly erroneous, when the defendant has agreed to the wording of the instruction on the record. *State v. Peppers*, 294 Kan. 377, 393, 276 P.3d 148 (2012). But we do not believe that Holmes' failure to object to the jury instructions should be fatal to his appeal. To allow the State and the trial court to avoid responsibility for their errors by way of the invited error doctrine would not serve the ends of justice.

Moreover, this is not the first time that this particular trial court has made this error. The same trial judge that oversaw Holmes' trial made the same mistake in *State v. Rhymes*, No. 116,056, 2017 WL 4216192 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* October 23, 2017. Although neither party cites *Rhymes* in their briefs, it offers valuable guidance in this situation.

In *Rhymes*, the defendant was charged with traffic in contraband in a correctional institution as defined in K.S.A. 2013 Supp. 21-5914(a)(1). The trial judge, however, instructed the jury on traffic in contraband as defined in K.S.A. 2013 Supp. 21-

7

5914(a)(3). 2017 WL 4216192, at *2. On appeal, the court did not address whether the discrepancy between the charging document and the jury instructions amounted to a constructive amendment. Instead, the panel addressed the issue as though it was a jury instruction error after the defendant argued that the trial court did not have subject matter jurisdiction. 2017 WL 4216192, at *3. The court eventually determined that the trial court had erred but had not committed reversible clear error. Accordingly, the court affirmed the defendant's conviction for traffic in contraband. 2017 WL 4216192, at *5.

At first glance, *Rhymes* may seem to lend support to the State's theory that we should review our issue as though it was a simple jury instruction issue. Upon a closer look, however, we note that *Rhymes* is distinguishable from Holmes' case. Furthermore, we cannot ignore that this problem has very recently arisen in the same court under the supervision of the same judge. "'The trial judge is not merely a moderator, but is the governor of the trial.' [Citation omitted.]" *State v. Kemble*, 291 Kan. 109, 114, 238 P.3d 251 (2010). Moreover, as the governor of the trial, this trial judge has failed his most important constituents—criminal defendants.

Turning once again to the *Rhymes* decision, we note that the defendant in *Rhymes* argued that the trial court lacked subject matter jurisdiction because the jury was instructed on a crime other than the one he was charged with. The trial court construed the argument as a challenge to the jury instruction. Here, Holmes has actually advanced an entirely separate argument—one we do not need to construe any way other than how it is presented. Holmes clearly argues that the circumstances at his trial amounted to an impermissible constructive amendment.

Furthermore, the trial court's error here permeated throughout the entirety of Holmes' trial whereas the error in *Rhymes* was isolated to the final jury instructions. The State clearly used the language from K.S.A. 2015 Supp. 21-5413(b)(1)(B) during voir dire. Thus, the jury was impaneled based on their answers in relation to that specific

8

subsection of the aggravated battery statute. Then, even before opening arguments began, the trial court instructed the jury using the language from K.S.A. 2015 Supp. 21-5413(b)(1)(C). Accordingly, the jury was viewing the entirety of the evidence presented at trial through an incorrect lens—focusing on the elements of a crime that Holmes was not charged with. There is no indication in *Rhymes* that any error occurred until the final jury instructions were given. Thus, the error in *Rhymes* likely had less of an impact on the jury than our error had.

Next, we must consider our standard of review. We note that both parties argue for different frameworks for review of the issue: Holmes argues that our review should be de novo for a constructive amendment, and the State argues that we should use the clear error standard for a jury instruction error. Although those standards have been applied together before, we acknowledge that they are somewhat at odds. As we have discussed, the clearly erroneous standard is dependent upon a finding of prejudice. Under that standard Holmes would be required to show that but for the error, the jury would have reached a different verdict. But a constructive amendment amounts to structural error, which means it is reversible per se without any showing of prejudice. Thus, we recognize that an impermissible constructive amendment arising from a jury instruction error amounts to clear error per se—even though a constructive amendment may not fit the strict definition of "clear error."

Having settled the differences between the parties' frameworks for review, we move on to analyze whether the trial court's errors amounted to an impermissible constructive amendment. The Supreme Court of the United States has held "that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Stirone v. United States*, 361 U.S. 212, 217, 80 S. Ct. 270, 4 L. Ed. 2d 252 (1960). "Ever since *Ex parte Bain*, 121 U.S. 1, 7 S. Ct. 781, 30 L. Ed. 849, was decided in 1887, it has been the rule that after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Stirone*, 361 U.S. at

9

215-16. Thus, "[a]n indictment is constructively amended if the evidence presented at trial, together with the jury instructions, raises the possibility that the defendant was convicted of an offense other than that charged in the indictment." *United States v. Apodaca*, 843 F.2d 421, 428 (10th Cir. 1988). This is because "the language employed by the government in its indictments becomes an essential and delimiting part of the charge itself." *Farr*, 536 F.3d at 1181. Recognizing the rule against constructive amendments, this court has held that "to allow such constructive amendment[s] *sua sponte* by the court would render meaningless the procedural requirements established for amendment of charging instruments. [Citations omitted.]" *In re Weimer*, No. 106,862, 2012 WL 6061619, at *5 (Kan. App. 2012) (unpublished opinion) (noting that K.S.A. 22-3201[e] does not authorize constructive amendment for an additional or different crime).

"In assessing a claim of an impermissible constructive amendment, our ultimate inquiry is whether the crime for which the defendant was convicted at trial was charged in the indictment." *Farr*, 536 F.3d at 1180. Here, based on the errors of the trial court, we answer that "ultimate inquiry" in the negative. Plainly stated, aggravated battery as defined in K.S.A. 2015 Supp. 21-5413(b)(1)(C) was not charged in the complaint against Holmes. Moreover, because the jury instructions given by the court broadened the basis for conviction against Holmes, the trial court's error amounted to an impermissible constructive amendment.

In *Montes*, a panel from this court applied the prohibition on constructive amendments to a similar situation. The defendant was charged with and convicted of conspiracy to manufacture methamphetamine. "The complaint alleged that Montes acted in furtherance of the conspiracy when he obtained pseudoephedrine or obtained lithium metal or obtained anhydrous ammonia or provided a coconspirator with items to manufacture methamphetamine." 2012 WL 307532, at *5. The jury instruction on conspiracy, however, stated that "the State had to prove that Montes acted in furtherance of the conspiracy by manufacturing methamphetamine." 2012 WL 307532, at *4.

10

On appeal, this court acknowledged that "[a] trial judge has a duty to inform the jury of every essential element of a crime charged. Omission of an essential element in jury instructions is clearly erroneous and requires reversal of the conviction." 2012 WL 307532, at \*4 (citing *State v. Richardson*, 290 Kan. 176, 181-82, 224 P.3d 553 [2010]). The court also acknowledged that "'[a] jury instruction on the elements of a crime that is broader than the complaint charging the crime is erroneous.' [Citation omitted.]" 2012 WL 307532, at \*4. Moreover, because the trial court's instruction broadened the basis for Montes' conviction, this court held that it amounted to an impermissible constructive amendment. 2012 WL 307532, at \*5. Recognizing that a constructive amendment is reversible per se, this court reversed Montes' conviction and remanded the case for a new trial. 2012 WL 307532, at \*5.

Here, it is not disputed that the jury was instructed on an entirely separate crime than Holmes was charged with. Accordingly, it is not disputed that Holmes was convicted at trial of a crime with which he was not charged. While both crimes fall under the category of aggravated battery, the State concedes that "[h]ere, the instruction that required a finding that Mr. Holmes made physical contact with Amanda Aldridge is broader than the language of the complaint that required a finding that he caused bodily harm to her." A simple reading of the statute supports the State's concession. "Physical contact" is easier to prove than "bodily harm."

Because the trial court's instructions, and the State's arguments, impermissibly broadened the basis for conviction against Holmes, they amounted to a constructive amendment. Constructive amendments are reversible per se and amount to clear error. For that reason, the State's argument that overwhelming evidence renders the error harmless is of no consequence. Therefore, we reverse Holmes' conviction and remand for a new trial.

Because we have granted a new trial in this matter, it is unnecessary for us to address the remaining contentions raised by Holmes in this appeal.

Reversed and remanded for a new trial.